116

Case:2:10-cv-15063
Judge: Roberts, Victoria A
MJ: Morgan, Virginia M
Filed: 12-21-2010 At 01:42 PM
CMP BARBRA LEWIS-CLARK, ET AL V HAR
PER HOSPITAL, ET AL (LG)

# UNITED STATES DISTRICT
# EASTERN DISTRICT

Barbra Lewis-Clark, Individually
and as Personal Representative of the
Estate of Henry O. Clark, Jr., Deceased
18485 Oakfield, Detroit, MI 48235
(313) 362-1927 phone / (313) 362-1928 fax
Plaintiffs

Wayne County 3rd Circuit Court No.:
03-340704NH and 03-324303NH
Michigan Court of Appeals No.: 273716
Michigan Supreme Court No. 135892
U.S. Supreme Court No.:

V

Harper Hospital an assumed name of Harper-Hutzel Hospital,
a Michigan corporation and the Detroit Medial Center,
a Michigan corporation
James Joseph Glazier, MD; John Barnwell, MD; N. RUTHERFORD
Jennifer Piper, RN; Treva Neino, RN; KALLENE RUTHERFORD
jointly and severally   VIRGINIA TEKELLI, R.PH.

Defendants

---

## COMPLAINT AND DEMAND FOR JURY

### JURISDICTION AND VENUE

This Court has jurisdiction over this case under Other Civil Rights 28:1331cv, Medical
Malpractice 28:1331mm and Personal Injury 28:1331pi.

Venue is proper in this case under 28 U.S.C. § 1391 and 28 U.S.C. § 1391 and 28 U.S.C.
§ 1400 (a) as a substantial part of the events giving rise to the claims occurred in Detroit,
Wayne County, Michigan.

### PERSONAL BACKGROUND

Henry O. Clark, Jr. suffered a massive hemorrhagic stroke at the age of 47 while working

on the line at Chrysler Warren Truck on September 13, 1997. After an hour, he was taken

to Macomb Hospital Center currently known today as St. John Macomb in Warren,

Michigan. Mr. Clark was in a coma for eight (8) days. He remained in the hospital for

about 60 - 90 days. Mr. Clark and the personal representative (Exhibit 2) were divorce at this time (re-married December 1997). Mr. Clark has two daughters, Chandra Clark Young (adopted) (Exhibit 1) as Atty. Welglarz repeated to Judge Wendy Baxter several times and biological daughter, Kallene Rutherford. While Mr. Clark was in a coma, Ms. Kallene Rutherford assigned Code II status to her father. In other words, she and his family gave up on Mr. Henry O. Clark, Jr. (Exhibit 2, Macomb Hospital Social Work, dated 9/15/97) and drafted a note (Exhibit 3) for Macomb Hospital (front desk) to DENY visitation to Barbara Lewis-Clark. Ms. Kallene Rutherford would deny that such a note existed while on the stand during one of the Evidentiary Hearings. On September 18, 1997, Barbara Lewis- Clark met with the supervisor at Macomb Hospital Social Work department, Chandra and Barbara Lewis-Clark was added to the visitation list (about five days after Mr. Clark was admitted). Chandra Clark Young and Barbara Lewis-Clark never gave up on Henry O. Clark, Jr. While in the coma, Mr. Clark would communicate with Chandra and Barbara Lewis-Clark. In fact, on the eighth day of the coma, Mr. Clark opened his eyes to see Barbara Lewis-Clark. On September 22, 1997, Mr. Clark was asked if he had one daughter, he shook is head NO. Ask if he had two daughters, Mr. Clark said YES (Exhibit 4). Even after the doctor told Mr. Clark that he may never walk again, he went on to walk 4-5 miles a day; do fifty sit-ups a day; travel; active in the College Park radio patrol; and promoted stroke awareness (all of these activities are captured in pictures and videos).

## FACTUAL MEDICAL BACKGROUND

While preparing for a trip abroad in September 2001, Mr. Clark had a gall stone attack

and entered Harper Hospital in May 2001.  While a patient, someone tried to kill

Mr. Clark by flooding his heart. I had visited my husband on my lunch break. Mr. Clark

was fine, conversing with no complaints. Upon returning to work about 10-15 minutes

from Harper Hospital to Detroit Housing Commission, my desk phone was ringing.

Harper Hospital was calling to tell me that my husband may have suffered a heart attack.

I immediately returned to Harper to find white coats surrounding my husband. I heard

one of the physicians say "Mrs. Clark is here".  Mr. Clark peeked though the white coats;

we smiled at each other. I was informed that Mr. Clark did not suffer a heart attack. The

physician (Exhibit 5, Discharge Instruction Form, dated May 10, 2001) suggested that

Mr. Clark have his gall bladder removed. First, we contacted cardiologist

Dr. Paul Sobotka (he was no longer at Detroit Medical Center) to have Mr. Clark exam to

ensure that his heart was strong enough for surgery. Dr. Sobotka referred us to

cardiologist James J. Glazier. Second, we request an appointment (Exhibit 6 Michigan

Health Care Referral Form, dated May 15, 2001) for a second opinion. Both Dr. Glazier

and Dr. Gordon gave Mr. Clark the green light for surgery. His heart was strong enough

for surgery. Dr. Glazier referred us to surgeon Dr. John Barnwell. Mr. Clark was

admitted to Harper Hospital late June 2001 to have his gall bladder removed.


On June 29, 2001, surgery was performed, with no problems per surgeon Dr. John

Barnwell. Dr. Barnwell also stated that Mr. Clark would be in recovery two hours (I

believe was the time frame). Then I could see my husband. At first Mr. Clark was lying

down; then he wanted to sit up in the chair. I reminded my husband that he just had surgery to take it easy. While sitting on the side of the bed, I saw blood on his gown. I called the nurse station. Nurse Neino stood in the doorway. She did not come to the bed to check on Mr. Clark. After informing her of the blood, Nurse Neino leaves without a word. A physician from surgery arrives stating he knew what the problem was. He applied pressure to the area for twenty minutes. The bleeding stops. As Mr. Clark and I (my feet with socks on the bed) are resting, Nurse Jennifer Piper enters the room. She notes that my feet are on the bed. She asks me if I am comfortable. I did not respond.

Chandra Clark Young (daughter) called Mrs. Clark when Mr. Clark told her about being dizzy, Lasix incident and nursing not caring for him. Please note that Mr. Clark told Nurse Neino that he does not take Lasix via IV. Mrs. Clark called the nurse station and spoke to Nurse Neino. During the phone call Nurse Neino was asked if Mr. Clark was on Lasix. She said no (Exhibit 9 says yes). Then she gave the phone to Dr. Glazier. Mrs. Clark asked Dr. Glazier about the Lasix. Mrs. Clark informed Dr. Glazier that she was on her way to the hospital. Mrs. Clark arrived between 6:00 – 6:30PM. When Mrs. Clark arrives at the hospital, Mr. Clark states that one of his arms is cold. Then Nurse Neino enters the room stating Mr. Clark had been hot and cold all day. After she leaves, Mr. Clark states that he cannot breathe. Mrs. Clark goes to the nurse station (located directly adjacent to the room).  The PA asked if the bed is up. Mrs. Clark returns to the room to check. As Mrs. Clark returns to the nurse station, Mr. Clark yells out of the room, I am dying in here. Mrs. Clark rushes back to the room.

Nurse Piper arrives. Mr. Clark told Nurse Piper that he could not breathe. Mr. Clark ask Nurse Piper not to let him die. He asked her for an oxygen mask. Nurse Piper told Mr. Clark NO because she could not locate a pulse. Nurse Piper never located a pulse. She leaves the room without a word to us. The PA arrives to take Mr. Clark's pulse. She gets a pulse. Then she takes an EKG. A physician walks in and the PA hands him the EKG. He leaves the room without a word. The PA takes a second EKG. She calls for help for Mr. Clark. Dr. John Barnwell arrives to assist. He asked Mrs. Clark to leave the room. Then Dr. Barnwell calls out for a nurse. Mrs. Clark stands by the nurse station then moves to the waiting room. Two employees informed Mrs. Clark about the events leading up the present state that Mr. Clark is in. And, that management had called the floor to request employees to make reports. Mrs. Clark returns to stand next to the nurse station. Code Blue is call. A guard and a minister appeared next to Mrs. Clark. Dr. Barnwell and Mrs. Clark accompany Mr. Clark to the ICU NOT Dr. Glazier. I never saw Dr. Glazier ever during this time. I had spoken to him only once to inquire about the Lasix.  Mrs. Clark waited in the ICU waiting room. No one came out to speak to me. The Director of Nursing entered the waiting room to address another family. I asked about my husband and told her that I retired to be with my husband. Her response to me was that I need to re-consider my retirement.

When Nurse Piper increased the heparin to 900mg she cause over-anticoagulation that caused Mr. Clark to bleed internally; veins to collapse (a technician could not locate a vein) and suffered a cardio-respiratory (Exhibit 7 Harper Progress Notes, dated July 1, 2001) (Exhibit 11Harper Progress Notes  Pharmacy Anticoagulation Service, dated 6/30/2001 warning of bleeding to Mr. & Mrs. Clark, giving us a booklet)

There is an antidote for heparin but Dr. Glazier did not order it. And, he waited until after

Mr. Clark collapsed (I believe it was on July 1, 2001. Mr. Clark died on July 3, 2001) to

order halt to heparin. Mr. Clark had every symptom of bleeding internally. And, he told

them. Nurse Neino stated that Mr. Clark is dizzy and diaphoretic (Exhibit 8 Harper

Progress Notes, dated July 1, 2001, 11.45AM). Dr. Glazier writes (Exhibit 8 Harper

Progress Notes, dated July 1, 2001, 1:40PM) Mr. Clark dizzy, blood pressure down. It

appears that Dr. Glazier is ordering more medication for Mr. Clark. Nurse Neino writes

Lasix put on hold (Exhibit 9 Harper Progress Notes, dated July 1, 2001, 18:50PM or

6:50PM). On July 3, 2001, Dr. Glazier wrote unfortunately, has multi-system failure

(Exhibit 10). No fault of Mr. Clark.

## LEGAL

The following people gave depositions: James Barnwell, MD; Barbara Lewis-Clark,

Jennifer Piper, RN; Treva Neino, RN; Virginia Tekieli, R,Ph; Randolph Regal, R.Ph.

**James J. Glazier, MD did not give a deposition**. This entire legal process has **not** been

about getting justice for Mr. Henry O. Clark, Jr. It has been all about covering up his

death and preventing those responsible from being held accountable by any means

necessary. This was not medical errors. These people knew that their actions and lack of

would lead to death. My husband was murder. I expected a trial (was told four years that

there would be a trial. But when no trial was forthcoming, I went to Detroit Police

Homicide Section to request an investigation. The Lieutenant told me that the "attorney

did not request an investigation." My response was, "I am the wife asking for an

investigation into the death of my husband." Judge Wendy Baxter stated that she did "not

want to sit through a three week trial." The Fieger Law firm represented everyone but

their client, Mr. Henry O, Clark, Jr. Several departments within the state of Michigan did

their part to cover up the truth or harass. Even one of the Court of Appeals' judge stated

"you know that is not true" when my attorney said that Mr. Clark bled for two days prior

to his death. I know that Mr. Clark bled for two days and his death certificate confirms it.

Relief from Judgment to proceed to trial.


_____            _____
Barbara Lewis-Clark               Date

# EXHIBITS

1. Exhibit 1- Order of Adoption

2. Exhibit 2 - Code II status

3. Exhibit 3 - Visitation Note

4. Exhibit 4 - Response to number of daughters – dated 9/22/ 1997

5. Exhibit 5 - Discharge Instruction Form (have gall bladder remove), dated May 10, 2001

6. Exhibit 6 - Michigan Health Care Referral Form, dated May 15, 2001

7. Exhibit 7 - Harper Progress Notes, Nurse Piper increase heparin, dated July 1, 2001

8. Exhibit 8- Harper Progress Notes, Nurse Neino and Dr. Glazier dated July 1, 2001

9. Exhibit 9 - Harper Progress Notes, dated July 1, 2001, 18:50PM or 6:50PM Nurse Neino Lasix

10. Exhibit 10 - Dr. Glazier, dated July 3, 2001

11. Exhibit 11 - Harper Progress Notes  Pharmacy Anticoagulation Service, warning Mr. & Mrs. Clark of bleeding, dated June 30, 2001

12. Exhibit A - Complaint, Circuit Court dated December  12, 2003

13. Exhibit B - Case Inquiry Final 03-324303-NH, dated July 14, 2006 **and** B 2 Stipulated Order Dismissing Case No. 03-324303-NH, merging Plaintiff's Allegations and Claims in Case No. 03-324303-NH with Case No. 03-340704-NH and Adjourning Case Evaluation, dated February 11, 2005

14. Exhibit C-  Order Re:  Plaintiff's Motion Pursuant To MCR2.612(C)(1)(a) for Relief From Judgment, dated March 24, 2006

15. Exhibit D -  Affidavit of Merit, dated December 11, 2003

16. Exhibit E - Motion Pursuant to MCR2.003 for Disqualification of Judge

17. Exhibit F - Michigan Court of Appeals 273716

18. Exhibit G – Barbara Lewis-Clark v James Glazier, MD Case Call

19. Exhibit H - Appellants' Brief Court of Appeals, dated April 4, 2007

ved by the Michigan State Court Administrator                                                                JDC CODE: OHA

| STATE OF MICHIGAN<br>PROBATE COURT<br>COUNTY OF WAYNE | ORDER OF ADOPTION | FILE NO.<br><br>63278 |

ne matter of _____**Chandra Danette Clark**_____  DOB: **6-4-69**_____ , Adoptee
                           Adopted name

**COURT FINDS that:**                           EXHIBIT 1

petition for an order of adoption was filed.

ll necessary orders terminating parental rights have been entered.

he Adoptee ☐ was
            ☒ was not   made a ward of this Court.

he adoption of the Adoptee by Petitioner(s) is desirable and in the best interest of the Adoptee.

**S ORDERED that:**

rom and after this date the parent(s) of the Adoptee is/are:

____**Henry Oliver Clark, Jr.**_____  and ____**Barbara Ann Clark**_____
lame                                            Name

The name of the Adoptee is ____**Chandra Danette Clark**_____ .

The Adoptee, if a ward of this Court, is discharged.

____DEC 1 7 1987____                    _____[signature]_____
                                        Judge of Probate

Do not write below this line - For court use only

DER OF ADOPTION     Form No. PCA321     Revised 6/82          MCL 710.56 - .60; MSA 27.3178(555.56 - .6



**Macomb Hospital Center**
Member of Detroit-Macomb Hospital Corporation

**DISCHARGE PLANNING**
**& SOCIAL WORK**

Clark. Henry O
792
9/13/97
744

EXHIBIT 2

| DAY DATE TIME | |
|---|---|
| Monday 9/15/97 1500 | SW was asked by RN to open case & assist as needed. Pt. is a 47 yr old, |
| 3 | black, divorced male, admit on |
| 4 | 9/13/97 ī dx of Acute CVA. Pt. is now |
| 5 | on a vent, arousable to voice. SW |
| 6 | met ē pt's dtr in pt's room to get |
| 7 | brief hx & provide emotional support |
| 8 | PTA pt. was completely Ⓘ in all |
| 9 | areas & was working @ Chrysler |
| 10 | Pt. had CVA @ work & was brought |
| 11 | to MHC ER. Pt. usually goes to |
| 12 | HF Hospital & ~~Still bless~~ dtr stated |
| 13 | she prefers pt. stay @ MHC. |
| 14 | Pt's dtr. signed code II status + |
| 15 | states that her entire family is |
| 16 | in agreement to this decision. |
| 17 | SW discussed ē her possibility |
| 18 | of guardianship if family members |
| 19 | disagree about tx plan. ⓌWill |
| 20 | continue to provide emotional support |
| 21 | & assist as needed. Rachiel Zin, MSW |

EXHIBIT 3

Information concerning the status of Henry Clark may be released only to the following.

Kailene Rutherford (daughter)

Henry Clark Sr & Sarah Clark (parents)

Linda Turner (sister)

Chandra Davis (dtr)

Barbara Lewis

Anyone else should be asked to contact

Kailene @ 371-0948

or

Linda @ 882-6361

* Barbara Lewis is not family and has not received permission from the family to visit or receive information. Thank you

Kailene



**Macomb Hospital Center**
Member of Detroit-Macomb Hospital Corporation

## DISCHARGE PLANNING
## & SOCIAL WORK

EXHIBIT 4

| DAY DATE TIME | |
|---|---|
| 9/22/97 Mon 1140 | Chart reviewed. Case discussed c̄ RN + Dr. M Al-Hadidi this Am |
| 2 | Met at length c̄ pt. Then met c̄ his 2 daughters, Chandra + |
| 3 | Kaleen. Pt's condition exhibiting improvement. MD indicates |
| 4 | probable extubation 9/23 or 9/24/97. Pt appears very alert today. |
| 5 | Answered all questions (except year) appropriately. Asked pt if |
| 6 | he has 2 daughter – he said – no – (shook head) asked pt if he has 2 daughters – |
| 7 | he said "yes". S.W. asked pt if he wants his visitors to be limited |
| 8 | to only his daughters – he shook head "NO". Asked pt if he wants |
| 9 | open visiting to all family/friends – shook head "yes". S.W. notified |
| 10 | MHC Info desk + daughters of above. All are in agreement. Notified |
| 11 | daughters of their equal legal authority, re: pt's care. Explained the |
| 12 | reasoning to them. Both state understanding. Explained code form |
| 13 | to both. New document completed. Both daughters have signed. |
| 14 | Explained that if pt remains A+O x 3 after extubation, he will be |
| 15 | asked to sign own code form + to complete DPOA & living will. |
| 16 | Explained need of daughters to communicate with one another + |
| 17 | support each other + pt. during his hospitalization + recovery. Kaleen |
| 18 | states pt lives in 2nd floor apt. Plan after D/c is for pt to stay |
| 19 | c̄ his brother in 1st floor apt. Notified them of Dr M. Al-Hadidi's |
| 20 | plan for extubation, P.T., + hopeful inpt. Rehab. S.W. also explained |
| 21 | alternative D/c options if needed. Emotional support provided to both. |

**DISCHARGE PLANNING & SOCIAL WORK PROGRESS NOTE**

M NO. 5051-A  Rev. 12/93



**Harper Hospital**
Detroit Medical Center/Wayne State University

## DISCHARGE INSTRUCTION FORM

Please take this form to your doctor.

EXHIBIT 5

Henry Clark

92

## Followup Care

Date of adm: 5/4/01

Date of discharge: 5/10/01

Make an appointment to see

Dr. Antonassio   Date/Time: May 17 10:15   Phone #: 387-109

Dr. _____ Date/Time: _____   Phone #: _____

Dr. _____ Date/Time: _____   Phone #: _____

## Physical Activity

to as tolerated

Resume usual activities: ☐ Yes ☒ No

Specific limitations: _____

## Diet

low salt
low chol

Type of diet: ☐ Regular ☐ Modified, specify _____
Printed instructions given: ☐ Yes ☐ No

Instructions: 1500 cc fluid restriction

## Medication

Aspirin 325 mg daily
Aldactone 25 mg daily
Lasix 40 mg daily
coumadin 2.5 mg daily
Prinivil 20 mg daily
Flomax 0.4 mg daily
Coreg 25 mg twice daily
Levobunolol drops ii each eye twice daily
Zithromax 250 mg po QD x 4 d
KDur 20 meq po daily

SPECIAL INSTRUCTIONS ☐ None

✱ no Pravachol

Coumadin today 1.25 mg (½ tablet
tomorrow 1.25 mg (½ tablet
thereafter 2.5 mg (1 tablet

## Post Discharge Plan

- do have your gallbladder removed electively

Physician Signature _OMegani_

## Special Instructions
(i.e. equipment/supplies/treatments)

Date 5/10/01

_____

Home Care Agency: _____
Equipment Supplier: _____

Date of Visit: _____
Delivery Date: _____

**I have been instructed and understand the above information.**

Signature X Henry O. Clark jr
(PATIENT OR PERSON RECEIVING INSTRUCTIONS)

Date May 10-01

Signature of Nurse _____

May-15-01 11:58A NORTH GRAND ...ER    ...

# Michigan HealthCare Referral Form

EXHIBIT 6

Date Written: 05 15 2001

Patient Name: CLARK                                    Revised Referral:

LAST                                    HENRY
                                                        FIRST

MEMBER I.D. # / Suffix: 383 527 073 O      DOB 01 13 1950

Plan Name:          X BCN           Care Choices    OmniCare      Total Health Care   Blue Choice
Please see member ID card to                                                          Other MEDICARE
verify product line coverage:   Cape         HAP    SelectCare    Wellness Plan       BX

Check if Applicable:      ☐ Worker's Comp.           ☐ Auto Accident

**Referred By:**
PCP Name: ATTANASIO        FRANCO                    Tax ID #: 383021666
                LAST          FIRST
Phone Number: 313 387 1007    Plan Assigned Provider ID #: 99083
Fax Number: 313 387 1895

**Referred To:**
Provider Name: GORDON        PAMELA        Tax ID #:
                LAST          FIRST
Phone Number:                              Plan Assigned Provider ID #: P76989
Fax Number:                   CARDIOLOGY
Address: 4201  ST ANTOINE
                                           STREET
DETROIT                                     MI    48201
                CITY                        STATE    ZIP CODE

ICD-9 Dx Code: 428 0    Start Date: 05 15 2001    End Date: 06 15 2001

Location:   X Provider Office      Outpatient Hospital     ER/UCC

* Facility Number:                  Facility Name:

* Date of Service: 05 15 2001

FOR AMBULATORY SURGERY, LIST CPT4 BELOW

## Special Services Requested

Consult or Office Visit  X          PLEASE SPECIFY THE NUMBER OF OFFICE VISITS   003

☐ Diagnostic Laboratory / Pathology **   ☐ Audiology Evaluation    ☐ Ophthalmological Services
☐ Radiology / Imaging **                 ☐ Cast / Fracture Care     ☐ Surgery **         (CPT-4 code)
☐ Diagnostic / Therapeutic Studies **    ☐ Oncology Services            (complete location section above)
☐ Injections & IV Therapy **             ☐ Dialysis                 ☐ Pain Management **
☐ Allergy **                             ☐ OB / Perinatology        ☐ Therapy **         Physical    Occupational
                                                                       (indicate # of visits)   Speech     Cardiac
Optional: to authorize only specific services,   ☐ Other   ☐ Other
write in CPT 4 Codes here:                        ☐ Other   ☐ Other
                                                  ☐ Other   ☐ Other

★ COMMENTS: EMERGENCY APPT-

* Required for ER/UCC, Therapy & Outpatient services.   ** Refer to specific plan instructions.

**THIS REFERRAL DOES NOT GUARANTEE PAYMENT. PLEASE CONTACT THE HEALTH PLAN TO VERIFY MEMBER ELIGIBILITY AND COVERED BENEFITS.**

Revised June, 2000

Copyright, 1999
Michigan Association of Health Plans
All Rights Reserved

ADMINISTRATIVE

EXHIBIT 7

**Harper Hospital**
Detroit Medical Center/Wayne State University

**PROGRESS NOTES**
(PLEASE SIGN ALL ENTRIES)

GLAZIER, JAMES J.          CRD
8WS          840701

**DATE**

B407-1 CLARK,HENRY  6/27 GLAZIER  TEL 134  30 JUN 01 23:28  HR 66  VPB 0  SINUS RHYTHM  25 mm/sec  (8/
MCL



6/30/9 sinus rhythm
II
S.R.

07/01/01  Nsg: Monitor shows SR HR in the 100's
0245.  V.S.S. Ø C/O pain SOB Heparin ↑ to 900u/hr
NURSE  abd. dsg. D+I resting quietly @ present.
PIPER  Will continue to monitor —  Piper RN
INCREASE
THE HEPARIN
WHO GAVE PERMISSION TO DO SO? HER ACTION LED TO THE BLED.

CLARK, HENRY          **Pharmacy Anticoagulation Service**
          **Harper Hospital / RIM**

☑ Heparin  106          ☐ Warfarin  —
For:  LV THROMBUS, CVA, A.Fib.

Labs:  Date 7/1/01 @ 0530 PTT = 106 secs  INR = _____  PT = _____ secs  5.8 / 157  Bun/Cr: _____
          33.7

Assessment:
          Heparin:  Target PTT:  48-71
          Warfarin:  Target INR:  —
Comments: _____

Plan:  Hold heparin for 1hr, then
1. DECREASE heparin to 700 units/hour. Next PTT @ 1600 hrs
2. _____ warfarin _____ . Next PT/INR in AM.
3. Primary team to monitor for signs and symptoms of bleeding.
4. Other:  Primary team to determine when
          warfarin is to be restored.

VTM, RPh  7/1/01  0900          Contact pager # 9578 with questions at any time.
Pharmacist  Date  Time  006  Contact 745-INR-9 for referral to coumadin clinic.

80C1PK (1/00)

107-1 CLARK,HENRY  6/27 GLAZIER  TEL 134  01 JUL 01 10:48  HR 62  VPB 6  SINUS BRADY  FREQUENT VPBs   6
MCL



07/01/01

sinus brad, rapin to veh ale etc

EXHIBIT 8

2-1-01   Neg: c/o incisional pain. Given
1145°    Tyl #3 ī Tabs + MS 2mg IVP
         c̄ relief. V.S.S. Up to chair
         on own tolerating activity
         but becomes diaphoretic ̄ʒ̄
         moving around. T 98.ʾ Voiding
         per writing in adq amt.
         Heparin ↓ 700 u/h PTT 106.
         Monitor showing SR c̄ occasional
         PVC's HR 60's ——— M. Nguso  RN

07/01/01                              [signature] MD

140 pm   S:  Still has some incisional pain —
             but relieved c̄ Tylenol 3 + morph.
             sulfa

             gov dzz morlin up lity
             BP had ↓ to 98 mmhg.

         O:                           0300

             BP ~ ~ 120/70

                                      0062

## PROGRESS NOTES (PLEASE SIGN ALL ENTRIES)

**DATE**

Abd - soft

myf - 8ng 6

Plan - will continue to follow

Recommend - keeping aPTT in
therapeutic range.

*[signature]*
2000

EXHIBIT 9

```
Name: CLARK, HENRY  6/27  GLAZIER  TEL 134  01 JUL 01  15:00  HR 69  VPB 0  SINUS RHYTHM  25 mm/sec
                                    MCL
                                     II
```



7/01
1850

Nsg: Pt c̄ episodes of dizziness
while up at bedside to
urinate. B/P ↓ 98/60 - 88/60.
B Service) notified & en to
see pt × II also notified
of episodes ×3 of N/V.
Dr. Glazier in to see pt
Lasix put on hold × 24°
& pt Tigan IM stated. No
further N/V since 1630°.
B/P remains low. IV D5½NS
c̄ 20 KCl @ 100cc/h patent.
Foley inserted. Bedrest main-
tained. Monitor showing

**NURSE NEINO
STATED TO →
ME THAT
LASIX WAS
NOT GIVEN
TO HENRY**

Exhibit 10

Henry O. Clark Jr. died
today.

---

07/03/0

25pm    Unfortunately, has multisystem failure.

- While maintains a system BP 100-s
  on maximal pressor support, now has
  renal + hepatic failure.
- Dr. Tybushek detailed consult reviewed
- We will continue full support for the time
  being — into the weekend that this
  strategy may change will change. J Styner
  dictated notes                        J no2

PROGNOTES

EXHIBIT 11

**Harper Hospital**
Medical Center / Wayne State University

## PROGRESS NOTES
### (PLEASE SIGN ALL ENTRIES)

DATE

8407-1 CLARK,HENRY 6/27 GLAZIER TEL 134 30 JUN 01 14:57 HR 57 VPB 0 SINUS BRADY 25 mm/sec
MCL



6/30/01 "Sinus bradycardia"

6-30-01 Neg: Monitor shows SR settop
1930 HR 50's

**Pharmacy Anticoagulation Service**
**Harper Hospital / RIM**

Clark, Henry

☒ Heparin 800 units/hr. ☐ Warfarin on hold.
For: LV thrombus / CVA / A-fib.

Labs: Date 6/30 @ 1700 PTT = 62.5 secs INR = 1.29 PT = 62.1 secs 7.4 / 36.3 / 163 Bun/Cr.

Assessment:
Heparin: Target PTT: 48-71
Warfarin: Target INR:
Comments: D/w pt w/re heparin + coumadin therapy.
Provided coumadin teaching booklet.
Reinforced importance of notifying HCP of S/S bleeding.

Plan:
1. ↑ heparin 900 units/hour. Next PTT @ 5 am labs
2. on hold, warfarin Next PT/INR in AM.
3. Primary team to monitor for signs and symptoms of bleeding.
4. Other: Primary team to assess when to restart coumadin therapy.

M Shu K RD 6/30/01 1900
Pharmacist # Date Time
9578

Contact pager # 9578 with questions at any time.
Contact 745-INR-9 for referral to coumadin clinic.

0059

I22560C1PK (1/00)

EXHIBIT A

JURY FEE PAID
THIS DATE

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BARBARA A. LEWIS-CLARK, Individually,
and as Personal Representative of the Estate
of HENRY O. CLARK, JR., Deceased

        Plaintiff,

-v-

JAMES GLAZIER, M.D. and
VIRGINIA TEKEILI, R.Ph.,
Jointly and Severally,

        Defendants.

_____ /

03-340704 NH 12/12/2003
JDG:WENDY M BAXTER
LEWIS CLARK BARBARA A PER REP
VS
GLAZIER JAMES MD

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
Fieger, Fieger, Kenney & Johnson, P.C.
19390 West Ten Mile Road
Southfield, Michigan 48075-2463
(248) 355-5555

_____ /

### COMPLAINT AND DEMAND FOR JURY

There are pending civil actions arising out of the
transaction or occurrence as alleged in this complaint,
Case Nos. 03-324303 NH, pending before Honorable
Wendy Baxter of the Wayne County Circuit Court.
The action remains pending.

Todd J. Weglarz

NOW COMES the above named Plaintiff, BARBARA A. LEWIS-CLARK, Individually,

and as Personal Representative of the Estate of HENRY O. CLARK, JR., Deceased, by and

through her attorneys, Fieger, Fieger, Kenney & Johnson, P.C., and for her Complaint against the

above named Defendants, states unto this Honorable Court as follows:

1.     That at all times relevant hereto, Plaintiff was and is the court appointed

Personal Representative of the Estate of Henry O. Clark, Jr., Deceased.

2.     That at all times relevant hereto, Plaintiff Barbara Lewis-Clark was and is a resident of the City of Detroit, County of Wayne, State of Michigan.

3.     That at all times relevant hereto, HARPER HOSPITAL, an assumed name of HARPER-HUTZEL HOSPITAL (hereinafter "HARPER"), was and is a Michigan corporation, doing business in the County of Wayne, State of Michigan, and is duly organized and existing under and by virtue of the laws of the State of Michigan.

4.     That at all times relevant hereto, THE DETROIT MEDICAL CENTER (hereinafter "DMC"), was and is a Michigan corporation, doing business in the County of Wayne, State of Michigan, and is duly organized and existing under and by virtue of the laws of the State of Michigan.

5.     That at all times relevant hereto, JOHN M. BARNWELL, M.D. (hereinafter "BARNWELL") was and is a licensed and practicing physician, board certified in the specialty of general surgery, practicing primarily in the specialty of general surgery, and doing business in the County of Wayne, State of Michigan.

6.     That at all times relevant hereto, J. PIPER, R.N. (hereinafter "PIPER") was and is a licensed and practicing nurse, doing business in the County of Wayne, State of Michigan.

7.     That at all times relevant hereto, J. NEINO, R.N. (hereinafter "NEINO"), was and is a licensed and practicing nurse, doing business in the County of Wayne, State of Michigan.

That at all time relevant hereto, Defendant JAMES GLAZIER, M.D. (hereinafter "GLAZIER") was and is a licensed and practicing physician, board certified in the specialty of internal medicine and subspecialty of cardiovascular diseases, practicing as a cardiologist, doing

-2-

business in the County of Wayne, State of Michigan.

That at all times relevant hereto, Defendant VIRGINIA TEKEILI, R.Ph (hereinafter "TEKEILI") was and is a licensed pharmacist practicing and doing business in the County of Wayne, State of Michigan.

8.     That at all times relevant hereto, HARPER HOSPITAL is a corporation/entity owned, operated, and controlled by Defendant DMC, and was the situs for any and all of the wrongful/negligent actions recited herein, which occurred on the premises of HARPER HOSPITAL.

9.     That at all times relevant hereto, Defendants GLAZIER and/or TEKEILI were the apparent, implied, and/or express agents and/or employees of HARPER and/or DMC, and were acting within the scope and course of their agency and/or employment when the acts of negligence, gross negligence, and/or wanton and willful misconduct, as more fully described herein, were committed.

10.     That the amount in controversy herein exceeds Twenty Five Thousand Dollars ($25,000.00), and is otherwise subject to the jurisdiction of this Court.

11.     That Plaintiff's Decedent was a fifty one year old male at the time of the treatment alleged herein.

12.     That on June 27, 2001, Plaintiff's Decedent was admitted to HARPER for a cholecystectomy to be performed by BARNWELL.

13.     That at the time of Plaintiff's Decedent's admission to HARPER, his medical history included dilated cardiomyopathy, recurring attacks of acute pancreatitis secondary to cholelithiasis, atrial fibrillation, and previous stroke for which he was treated with

Coumadin.

14.     That at the time of said admission, Plaintiff's Decedent's attending physician and treating treating cardiologist was Defendant GLAZIER.

15.     That several days prior to Plaintiff's Decedent's admission, his Coumadin and aspirin were stopped to allow surgery to be performed in the absence of excess anticoagulation.

16.     That on the morning of June 29, 2001, Plaintiff's Decedent underwent a cholecystectomy by BARNWELL and his assistant, Dr. Hu, at HARPER.

17.     That after his surgical procedure, at approximately 3:30 pm, Plaintiff's Decedent started coughing, causing him to bleed profusely from the surgical site, causing the formation of a large hematoma on the upper right quadrant of said surgical site.

18.     That at approximately 5:00 pm on June 29, 2001, the "Pharmacy Anticoagulation Service" from HARPER entered an order to restart Plaintiff's Decedent's Heparin at 10:30 pm, at 800 units per hour, with an instruction for the next PTT to be drawn in the morning at 5 or 6 am.

19.     The following morning, on June 30, 2001, the PTT was not drawn as ordered, but the Decedent was seen by the Pharmacy Service at approximately 10:00 am, noting Decedent was receiving 800 units of Heparin per hour, with Warfarin on hold.

20.     That the Pharmacy Anticoagulation Service from HARPER indicated a target PTT range for Plaintiff's Decedent between 48 and 71 seconds, and a target INR between 2 and 3.

21.     That the Pharmacy Anticoagulation Service planned for the next PTT to be drawn at 2:00 pm.

-4-

22.     That at 2:00 pm on June 30, 2001, Plaintiff's Decedent's hemoglobin dropped to 11.8, which was considered low by the laboratory.

23.     That several hours later, at approximately 4:45 pm, Plaintiff's Decedent's PTT was 42.9, and INR 1.29.

24.     That throughout the day of June 30, 2001, Plaintiff's Decedent's blood pressure ranged from 120 to the 140's systolic.

25.     That on July 1, 2001, at approximately 2:45 am, PIPER noted Plaintiff's Decedent to be without complaints of chest pain or shortness of breath, and his Heparin was increased to 900 units per hour.

26.     At 5:30 am, Plaintiff's Decedent's hemoglobin further dropped to 11.0, and his PTT further increased to 106, said value being deemed a "panic value", which was called to "Brian" 3 hours and 15 minutes later, at approximately 8:54 am.

27.     That at approximately 9:00 am, on July 1, 2001, the Pharmacy Anticoagulation Service, through Defendant TEKEILI, reinforced its Heparin target PTT between 48 and 71, and planned to hold Heparin for one hour, and then to decrease same to 700 units per hour, followed by a PTT to be drawn at 4:00 pm that day.

28.     That at 9:00 a.m. on July 1 2001, the Defendant TEKEILI and/or GLAZIER entered an order specifically requesting Plaintiff's Decedent's PTT to be drawn and measured at 4:00 pm, with instructions to report the results "stat" to the Pharmacy Service and/or on call pharmacist.

29.     That at approximately 10:48 am, Defendant GLAZIER signed a rhythm strip indicating Plaintiff's Decedent was having "frequent VPB's".

-5-

30. That at approximately 11:45 am , NEINO noted Plaintiff's Decedent was diaphoretic, with the heart monitor showing a sinus rhythm with occasional PVC's, and a heart rate in the 60's.

31. That at approximately 12:20 pm, Defendant GLAZIER gave a verbal order to NEINO to hold the patient's Lasix for twenty four hours, which was not signed off by the nurse until 6:05 pm.

32. That at approximately 1:40 pm on July 1, 2001, Defendant GLAZIER tended to Plaintiff's Decedent to evaluate the findings of diaphoresis, dizziness, and hypotension (noting patient's blood pressure had dropped to 98 systolic), whereby a diagnosis of "hypotensive episode" was noted, though no cause therefore was determined, with the plan being to continue the Heparin, hold the Lasix, and keep the PTT in the therapeutic range.

33. That at approximately 2:10 pm, Plaintiff's Decedent was again hypotensive, with a blood pressure of 98/70 (and possibly even 78/70-since it appears the vital values for this date were altered), said hypotension persisting throughout the day.

34. That the PTT was never drawn at 4:00 pm as requested by HARPER's Pharmacy Anticoagulation Service, and Defendants TEKEILI, and GLAZIER, and thus no results were ever conveyed to the pharmacy service / on-call pharmacist "stat".

35. That at approximately 6:50 pm, on July 1, 2001, NEINO noted the patient was having continued episodes of dizziness while up at bedside, drops in blood pressure down to 98/60 and 88/60, and several episodes of nausea and vomiting, prompting NEINO to notify Defendant GLAZIER and advise of same.

That Defendant GLAZIER responded to NEINO's notifications by seeing

FIEGER, FIEGER, KENNEY & JOHNSON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5~~~

Decedent several times, and ordering Lasix to be withheld for 24 hours, and to start Tigan IM.

36.     That in the alternative, Defendant GLAZIER never responded to Defendant NEINO's request to evaluate the patient, during which Plaintiff's Decedent's heart rate and blood pressure remained dangerously low.

37.     At approximately 5:00 pm, PIPER administered Lasix to Plaintiff's Decedent through his IV line, which was witnessed by the Decedent's daughter.

38.     That between 6:00 and 6:30 pm, on July 1, 2001, Plaintiff arrived at the hospital and upon grabbing Decedent's hand, felt it to be very cold.

39.     That shortly after 7:15 pm, Plaintiff's Decedent was complaining he was unable to breath, prompting Plaintiff to immediately run to the nursing station and request help.

40.     That shortly after requesting help from the nursing staff, Plaintiff's Decedent yelled out he was dying, prompting a nurse to check his pulse, but was unable to get a reading.

41.     That Plaintiff's Decedent then requested an oxygen mask because of his difficulty breathing.

42.     That shortly thereafter, BARNWELL entered Plaintiff's Decedent's room, requesting Plaintiff to leave the room and requesting assistance from the nursing staff.

43.     That at approximately 8:10 pm, anesthesia had to be called for a "stat" intubation because of Plaintiff's Decedent having suffered an arrest.

44.     That at approximately 8:18 pm, a CBC was done which showed an elevated white blood count of 12.7, a reduced hemoglobin of 7.6, a reduced RBC of 2.47, and a low HTC of 23.6.

45.     At approximately 8:54 pm, Plaintiff's Decedent's PTT was finally drawn, and

t was a shocking 138, with an INR of 1.85.

46.   That Plaintiff's Decedent was then transferred to the ICU where further resuscitative efforts were conducted.

47.   That at approximately 10:15 pm, on July 1, 2001, Defendant GLAZIER instructed the medical staff to "hold" all anticoagulation, and entertained a differential diagnosis of acute hemorrhage, dilated cardiomyopathy, and/or bradycardia.

48.   That at approximately 11:05 pm, the Pharmacy Anticoagulation Service noted that the PTT which was scheduled for 4:00 pm was "not drawn".

49.   That at approximately 11:05 pm, the Heparin antidote, Protamine, was administered to Plaintiff's Decedent.

50.   On July 3, 2001, Plaintiff's Decedent was pronounced dead, with the autopsy report identifying the cause of death being secondary to "intraperitoneal hemorrhage, secondary to cholecystectomy". Plaintiff's Decedent's bleed was caused by the patient being over anticoagulated.

53.   That as a result of the above and below described actions, Plaintiff, Plaintiff's Decedent, and/or the legal heirs of the Estate of Plaintiff's Decedent, suffered numerous damages, including, but not limited to the following:

    a.   Premature death;

    b.   Physical pain and suffering;

    c.   Emotional distress and suffering;

    d.   Medical, funeral, and burial expenses;

    e.   Loss of wages and other pecuniary loss;

-8-

f.      Loss of society and companionship of the decedent;

g.      Loss of Decedent's financial support;

h.      Any other damages allowed under the Michigan Wrongful Death Statute;

I.      Any and all damages discovered throughout the course of discovery.

## COUNT I

## MEDICAL MALPRACTICE, NEGLIGENCE, GROSS NEGLIGENCE, AND/OR WILLFUL AND WANTON MISCONDUCT OF ALL DEFENDANTS

54.    Plaintiff realleges and affirms each and every allegation contained in paragraphs 1 through 53 as if fully set forth herein.

55.    That at all times relevant hereto, Defendants and their/its agent physicians, physicians' assistants, nurses, and medical staff, were engaged in the practice of medicine in the County of Wayne, State of Michigan, and held themselves/itself out to the public in general, and Plaintiff's Decedent in particular, as skilled and competent medical doctors, physicians, physicians' assistants, nurses, and other medical personnel, capable of properly and skillfully treating, caring for, and providing medical services to the public in general, and to Plaintiff's Decedent in particular.

56.    That at all times relevant hereto, Defendants, individually and/or through their/its agents, servants, and/or employees, breached their respective duties and obligations to Plaintiff's Decedent by acting in variance with the acceptable standard of medical practice in this community, and are professionally negligent, grossly negligent, and/or wanton and willful in the following particulars, which include, but are not limited to:

FIEGER, FIEGER, KENNEY & JOHNSON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

-9-

a.  Failing to order and/or arrange for "H&H" (hemoglobin and hematocrit) studies to be carried out at least every six to eight hours post operatively;

b.  Failing to take, order, and/or arrange for, the taking of vital signs after Decedent complained of significant complaints, including complaints of diaphoresis and dizziness;

c.  Failing to timely notify a physician, including patient's attending, Dr. Glazier, of the patient's low blood pressure readings on July 1, 2001, so that appropriate care and treatment could have been rendered;

d.  Failing to timely report the Decedent's PTT panic values to the appropriate medical staff so that the patient could be properly attended to;

e.  Failing to timely order a "stat" H & H study at 11:45 am on July 1, 2001, after it was known patient was diaphoretic, and had a PTT of 106;

f.  Failing to recognize and diagnose the Decedent's internal hemorrhage, the first clinical signs of which occurred at 11:45 am when the patient was noted to be diaphoretic after moving around, a PTT of 106, as well as the physical findings and complaints noted thereafter;

g.  Failing to order a "stat" CBC after the Decedent presented with signs and symptoms consistent with a suspected hemorrhage, which would have revealed a drop in the Decedent's hemoglobin and hematocrit, which would have prompted treatment including discontinuation of the patient's Heparin and the administration of blood products which would have prevented Decedent from suffering from a fatal bleed;

h.  Failing to recognize and diagnose the Decedent's internal hemorrhage when his systolic blood pressure was decreased and when having symptoms of light headedness at 1:40 pm, which would have warranted a "stat" CBC, which would have revealed a drop in the hemoglobin and hematocrit, which would have prompted treatment including discontinuation of the Heparin and the administration of appropriate blood products, such that the patient would not have suffered from a fatal bleed;

i.  Failing to carry out and/or ensure the carrying out of the 4:00 pm coagulation studies as requested by the Pharmacy Anticoagulation

-10-

FIEGER, FIEGER, KENNEY & JOHNSON · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

Service, which would have noted an increasing PTT, which would have prompted the discontinuation of the Heparin, and most likely would have warranted the administration of the Heparin antidote Protamine which would have stopped the patient's fatal bleeding.

j.  Failing to inquire from the appropriate services the results of the July 1, 2001 4:00 pm coagulation studies, including the PTT, which were requested to be conveyed to pharmacy "STAT";

k.  Timely notify the Laboratory and/or Pharmacy Anticoagulation Service that the July 1, 2001, 4:00 p.m. draw for the coagulation studies, specifically the PTT, was not carried out as requested/ordered by Pharmacy Anticoagulation Service so that arrangements could be made to still perform the draw/studies;

l.  Failing to recognize and diagnose the Decedent's internal hemorrhage when he had persistent complaints of episodes of dizziness and reduction in blood pressure throughout the day and evening of July 1, 2001, which would have warranted a "stat" CBC, which would have revealed and required those items as mentioned above.

m.  Failing to order a "stat" CBC and /or H & H at 6:50 pm on July 1, 2001, after it was known the Decedent's blood pressure was consistently low, which would have revealed a significantly low hemoglobin, which would have prompted the discontinuation of Heparin, the administration of the Heparin antidote Protamine, and the administration of appropriate blood transfusions / products, all of which would have prevented Decedent's fatal bleeding.

n.  Ordering and/or administering anticoagulant agents in excessive doses which caused Decedent to suffer his fatal bleed;

o.  Starting Decedent's anticoagulation therapy too soon after surgery;

p.  Failing to timely respond to the Decedent's respiratory emergency.

q.  Any other breaches revealed over the course of discovery.

57.  That as a direct and proximate result of the negligence, gross negligence, wanton and/or willful misconduct and unskilled acts and omissions of the Defendants,

FIEGER, FIEGER, KENNEY & JOHNSON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Plaintiff, Plaintiff's Decedent, and heirs of the Estate of Plaintiff's Decedent, suffered the significant and numerous damages as outlined and described above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars, plus costs, interest, and attorneys fees.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & JOHNSON, P.C.

By: _____
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

Dated: December 12, 2003

-12-

```
E:03-324303-NH                    ***CASE INQUIRY***              3-APR-2007 15:45
ATUS: FINAL
--------------------------------------------------------------------------------
  1  LEWIS CLARK BARBARA A PER           PL     FINAL
        ATTY:WEGLARZ TODD JOSEPH                          (248) 355/5555
  2  CLARK HENRY O JR ESTATE O           PL     FINAL
        ATTY:WEGLARZ TODD JOSEPH                          (248) 355/5555
  3  HARPER HUTZEL HOSPITAL              DF     FINAL
        ATTY:CHAKLOS WILLIAM D.                           (313) 965/7925
  4  DETROIT MEDICAL CENTER              DF     FINAL
        ATTY:CHAKLOS WILLIAM D.                           (313) 965/7925
  5  BARNWELL JOHN MD                    DF     FINAL
        ATTY:ROTH ROBERT P.                               (248) 647/4242
  6  PIPER J RN                          DF     FINAL
        ATTY:CHAKLOS WILLIAM D.                           (313) 965/7925
  7  NEINO J RN                          DF     FINAL
        ATTY:CHAKLOS WILLIAM D.                           (313) 965/7925
  8  NANSI ROWE ASSOC PC                 CL     PEND
        ATTY:ROWE NANSI IRENE                             (313) 861/5733
  9  GLAZIER JAMES J                     DF     PEND
        ATTY:SCHWARTZ MELVIN R.                           (248) 352/2555
--------------------------------------------------------------------------------
7/24/03    1 MEDICAL MALPRACTICE                                    STAL 72403
             ASSG CRT:W. BAXTER 1719 CAYMC 22
                TITLE:LEWIS CLARK BARBARA A PER REP  V HARPER HUTZEL HOS
7/24/03    2 STATUS CONFERENCE SCHEDULED                            STAL 72403
             NEXT ACT:STATUS CONFERENCE          10/24/03    LOC: BAXTE
7/24/03    3 SERVICE REVIEW SCHEDULED                               STAL 72403
             NEXT ACT:SERVICE REVIEW             10/23/03    LOC: BAXTE
7/24/03    4 CASE FILING FEE - PAID              ATTY:FIEGER GEOFFRSTAL 72403
             AMT:    100.00
7/24/03    5 JURY DEMAND FILED & FEE PAID        ATTY:FIEGER GEOFFRSTAL 72403
             AMT:     85.00
7/24/03    6 AFFIDAVIT - FILED                                      WADE 72403
             REMARKS:                            FILING
7/28/03    7 NOTICE OF FILING - FILED                               GLOV 72903
             REMARKS:                            AFDIV
8/20/03    8 APPEARANCE OF ATTORNEY FILED        BY:CHAKLOS WILLIWRIG 82203
             PTY: 06
8/20/03    9 APPEARANCE OF ATTORNEY FILED                          WRIG 82203
             PTY: 07
8/28/03   10 SERVICE OF COMPLAINT FILED                             ALLE 82903
             PTY: 04
             NEXT ACT:ANSWER REVIEW              9/18/03     LOC: BAXTE
8/28/03   11 SERVICE OF COMPLAINT FILED                             ALLE 82903
             PTY: 03
8/28/03   12 SERVICE OF COMPLAINT FILED                             ALLE 82903
             PTY: 05
8/28/03   13 NOTICE OF APPEARANCE - FILED                           GLOV 82903
8/28/03   14 AFDAVT MAILING/SERVICE - FILED                         GLOV 82903
8/28/03   15 APPEARANCE OF ATTORNEY FILED        BY:CHAKLOS WILLIGLOV 82903
             PTY: 04
8/28/03   16 APPEARANCE OF ATTORNEY FILED        BY:CHAKLOS WILLIGLOV 82903
             PTY: 03
9/02/03   17 PROOF OF SERVICE - FILED                               JOHN 90303
9/02/03   18 APPEARANCE OF ATTORNEY FILED        BY:ROTH ROBERT PWRIG 90303
             PTY: 03
9/10/03   19 AFFIDAVIT - FILED                                      ALLE 91103
             REMARKS:                            MERITORIOUS DEFENSE
9/10/03   20 PROOF OF SERVICE - FILED                               ALLE 91103
```

```
 3/03   21 SERVICE OF COMPLAINT FILED          BY:CHAKLOS WILLIALLE 92403
           PTY: 06
9/23/03   22 SERVICE OF COMPLAINT FILED                        ALLE 92403
           PTY: 07
 9/30/03  23 AFFIDAVIT - FILED                               PHIL100203
              REMARKS:                    OF MERITORIOUS DEFENSE
 9/30/03  24 AFDAVT MAILING/SERVICE - FILED                  PHIL100203
10/09/03  25 ANSWER TO COMPLAINT FILED        BY:ROTH ROBERT PALLE101003
           PTY: 05
10/09/03  26 AFFIRMATIVE DEFENSES - FILED                    ALLE101003
10/09/03  27 RELIANCE ON JURY DEMAND -FILED                  ALLE101003
10/09/03  28 PROOF OF SERVICE - FILED                        ALLE101003
10/10/03  29 AFFIDAVIT - FILED                               WRIG101403
              REMARKS:                    MERITORIOUS DEFENSE
10/10/03  30 AFDAVT MAILING/SERVICE - FILED                  WRIG101403
10/20/03  31 AT ISSUE PRAECIPE FILED          BY:WEGLARZ TODD SKIL102003
           PTY: 01
10/24/03  32 STATUS CONFERENCE                               OPER 73004
              RESLT:CASE SCHEDULED FOR EVALUATION   REASN:TRACK 2 SELECT
              NEXT ACT:CASE EVALUATION           1/01/05  ----- LOC: MTA
10/24/03  33 STATUS CONFERENCE                               FOWL102403
              RESLT:CASE SCHEDULED
              NEXT ACT:SETTLEMENT CONFERENCE-IC  8/30/04  ----- LOC: BAXTE
10/24/03  34 STATUS CONFERENCE                JUDG:BAXTER WENDY SHAK102403
              RESLT:STATUS CONF HELD - SCSO S/F
              REPORTER:06619 CARRINGTON TERIA CLRK:SHAKOOR H L
              REMARKS:TRACK2 W/L 3/31/04 DISCV 6/2/04,CASE EVAL 7/04
11/13/03  35 MOTN COMPEL ANSWR INTERROGATOR       BY:ROTH ROBERT PWRIG111403
              AMT:      20.00
              REMARKS:FEE PAID      BRF/F PRF/F NOTE/HRG
11/19/03  36 AFDAVT MAILING/SERVICE - FILED                  WRIG112003
11/24/03  37 ANS TO AFRMATV DEFENSE - FILED                  PHIL112503
11/24/03  38 PROOF OF SERVICE - FILED                        PHIL112503
11/24/03  39 INTERROGATORIES - FILED                         PHIL112503
11/24/03  40 REQUEST FOR PRODUCTION OF DOC                   PHIL112503
11/24/03  41 PROOF OF SERVICE - FILED                        PHIL112503
11/24/03  42 INTERROGATORIES - FILED                         PHIL112503
11/24/03  43 REQUEST TO PRODUCE - FILED                      PHIL112503
11/24/03  44 PROOF OF SERVICE - FILED                        PHIL112503
11/24/03  45 ANS TO AFRMATV DEFENSE - FILED                  PHIL112503
11/24/03  46 PROOF OF SERVICE - FILED                        PHIL112503
11/24/03  47 NOTICE TAKING DEPOSITN - FILED                  PHIL112503
11/24/03  48 PROOF OF SERVICE - FILED                        PHIL112503
11/24/03  49 INTERROGATORIES - FILED                         PHIL112503
              REMARKS:                     PL INSURANCE
11/24/03  50 PROOF OF SERVICE - FILED                        PHIL112503
11/24/03  51 INTERROGATORIES - FILED                         ALLE112503
              REMARKS:                          DF
11/24/03  52 PROOF OF SERVICE - FILED                        ALLE112503
11/24/03  53 REQUEST TO PRODUCE - FILED                      ALLE112503
11/24/03  54 PROOF OF SERVICE - FILED                        ALLE112503
11/26/03  55 MOTION FILED                     JUDG:BAXTER WENDY WILS112603
              RESLT:MOTION HEARING SCHEDULED
              NEXT ACT:MISCELLANEOUS MOTION HEAR 1/09/04  ----- LOC: BAXTE
              REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
              REMARKS:DEF'S MOTON TO COMPEL PLNT'S ANSWERS ETAL
12/08/03  56 MOTION FILED                     JUDG:BAXTER WENDY WILS120803
              RESLT:MOTION HEARING SCHEDULED
              NEXT ACT:MISCELLANEOUS MOTION HEAR 1/09/04  ----- LOC: BAXTE
              REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
```

```
                    REMARKS:DEF'S MOTON TO PLNT'S ANSWERS TO FIRST SET OF ETAL
/12/03    57 MOTION FILED                      JUDG:BAXTER WENDY WILS121203
                    RESLT:MOTION HEARING SCHEDULED
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 1/09/04  ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON FOR LEAVE TO FILE FIRST AMENDED ETAL
12/12/03  58 MOTION TO GRANT LEAVE             BY:FIEGER GEOFFRWRIG121503
                    AMT:     20.00
                    REMARKS:FEE PAID       BRF/F PRF/F NOTE/HRG
12/16/03  59 NOTICE OF FILING - FILED                      GARN121703
12/16/03  60 PROOF OF SERVICE - FILED                      GARN121703
12/19/03  62 PROOF OF SERVICE - FILED                      ALLE122303
12/19/03  63 MOTN COMPEL ANSWR INTERROGATOR    BY:CHAKLOS WILLISTRO122303
                    AMT:     20.00
                    REMARKS:FEE PAID       BRF/F PRF/F NOTE/HRG
12/22/03  61 MOTION FILED                      JUDG:BAXTER WENDY WILS122203
                    RESLT:MOTION HEARING SCHEDULED
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 1/09/04  ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEF'S MOTON TO COMPEL PLNT'S ANSWERS TO INTERROGAT
1/08/04   64 MISCELLANEOUS MOTION HEARING      JUDG:BAXTER WENDY WILS 10804
                    RESLT:MOTION AND/OR PRAECIPE DSM'D
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEFD'S MOTON TO COMPEL PLNT'S ANSWERES TO INTERR
1/08/04   65 ANS TO INTERROGATORIES - FILED                ALLE 10804
1/08/04   66 PROOF OF SERVICE - FILED                      ALLE 10804
1/09/04   67 MISCELLANEOUS MOTION HEARING      JUDG:BAXTER WENDY WILS 10904
                    RESLT:ADJOURNED
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 1/23/04  ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON FOR LEAVE TO FILE AMENDED CMOMPLAINT
1/12/04   68 STIPULATION                       JUDG:BAXTER WENDY WILS 11304
                    RESLT:ORDER COMPELLING ACTION,S/F
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:COMPELLING PLNTS ANSWERS TO DEFDS INTERROGATORIES
1/14/04   69 WITNESS LIST - FILED                          ALLE 11504
                    REMARKS:                   PL
1/14/04   70 PROOF OF SERVICE - FILED                      ALLE 11504
1/21/04   71 MOTION FOR COSTS                  BY:ROTH ROBERT PWRIG 12204
                    AMT:     20.00
                    REMARKS:FEE PAID       BRF/F PRF/F NOTE/HRG
1/21/04   72 ANS TO MOTION - FILED                         ALLE 12204
                    REMARKS:                 FEE COSTS
1/21/04   73 PROOF OF SERVICE - FILED                      ALLE 12204
1/22/04   74 MOTN COMPEL ANSWR INTERROGATOR    BY:ROTH ROBERT PWRIG 12304
                    AMT:     20.00
                    REMARKS:FEE PAID       BRF/F PRF/F NOTE/HRG
1/22/04   75 ANS TO MOTION - FILED                         STRO 12304
1/22/04   76 AFDAVT MAILING/SERVICE - FILED                STRO 12304
1/22/04   77 AFDAVT MAILING/SERVICE - FILED                STRO 12304
1/22/04   78 PROOF OF SERVICE - FILED                      STRO 12304
1/22/04   79 MISCELLANEOUS MOTION HEARING      JUDG:BAXTER WENDY WILS 12304
                    RESLT:ADJOURNED
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 2/06/04  ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON FOR LEAVE FIRST AMENDED COMPLAINT
1/26/04   80 ANS TO INTERROGATORIES - FILED               STRO 12704
1/26/04   81 PROOF OF SERVICE - FILED                      STRO 12704
1/27/04   82 MOTION FILED                      JUDG:BAXTER WENDY WILS 12804
                    RESLT:MOTION HEARING SCHEDULED
```

```
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 2/06/04   ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEF'S MOTON TO COMPEL MORE SPECIFIC ANSWERS ETAL
1/27/04    83 NOTICE TAKING DEPOSITN - FILED                       ALLE 12804
1/27/04    84 PROOF OF SERVICE - FILED                             ALLE 12804
2/02/04    85 INTERROGATORIES - FILED                              ALLE 20304
2/02/04    86 REQUEST FOR PRODUCTION OF DOC                        ALLE 20304
2/02/04    87 PROOF OF SERVICE - FILED                             ALLE 20304
2/03/04    88 NOTICE OF HEARING - FILED                            STRO 20404
                    REMARKS:                        RENOTICE
2/03/04    89 PROOF OF SERVICE - FILED                             STRO 20404
2/04/04    90 ANS TO MOTION - FILED                                STRO 20504
2/04/04    91 PROOF OF SERVICE - FILED                             STRO 20504
2/06/04    92 MISCELLANEOUS MOTION HEARING      JUDG:BAXTER WENDY WILS 20604
                    RESLT:MOT MISCELLANEOUS ACTION,OTF
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:GRANTED, PLNT'S MOTON FOR LEAVE TO FILKE ETAL
2/06/04    93 MISCELLANEOUS MOTION HEARING      JUDG:BAXTER WENDY WILS 20604
                    RESLT:MOT MISCELLANEOUS ACTION,OTF
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:GRANTED,DEF'S MOTON TO COMPEL MORE SPECIFIC ETAL
2/06/04    94 MOTION FOR DISCOVERY                 BY:FIEGER GEOFFRWRIG 20904
                    AMT:      20.00
                    REMARKS:FEE PAID      BRF/F PRF/F NOTE/HRG
2/09/04    95 MOTION FILED                      JUDG:BAXTER WENDY HICK 20904
                    RESLT:MOTION HEARING SCHEDULED
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 2/20/04   ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:HICKMAN TARA
                    REMARKS:PL;TO COMPEL
2/09/04    96 RECEIVED 7 DAY ORDER FOR ENTRY      BY:FIEGER GEOFFRHICK 20904
            PTY: 01
                    REMARKS:NOTICE,PROOF,O PERMITTING PL LEAVE TO FILE AMD ETC
2/13/04    97 RECEIVED 7 DAY ORDER FOR ENTRY      BY:ROTH ROBERT PWILS 21304
            PTY: 02
                    REMARKS:ORDER GRANTING DEF, JOHN BARNWELL, M.D.'S ETAL
2/17/04   171 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 71404
                    RESLT:ORDER OF CONSLIDATION,S/F
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:#03-340704
2/17/04   175 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 81204
                    RESLT:ORDER OF CONSLIDATION,S/F
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:#03-340704 NH
2/18/04    98 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 21804
                    RESLT:ODR MISCELLANEOUS ACTION,S/F
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:ORDER PERMITTING PLNT LEAVE TO FILE ETAL,7DO NOOBJ
2/20/04    99 MISCELLANEOUS MOTION HEARING        JUDG:BAXTER WENDY WILS 22004
                    RESLT:ADJOURNED
                    NEXT ACT:MISCELLANEOUS MOTION HEAR 2/27/04   ----- LOC: BAXTE
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON TO COMPLE ANSWER/ RESPONSE TO ETAL
2/20/04   100 STIPULATION                       JUDG:BAXTER WENDY WILS 22304
                    RESLT:ODR MISCELLANEOUS ACTION,S/F
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:ORDER COMPELLING DEFD'S RESPONSES TO DISCOVERY
2/20/04   101 PROOF OF SERVICE - FILED                            WRIG 22304
2/23/04   102 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 22404
                    RESLT:ODR MISCELLANEOUS ACTION,S/F
                    REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
```

```
                REMARKS:ORDER GRANTING DEFD, JOHN BARNWELL M.D.S ETAL
2/23/04  103 ANS TO INTERROGATORIES - FILED                    WRIG 22404
2/23/04  104 PROOF OF SERVICE - FILED                          WRIG 22404
2/26/04  105 PROOF OF SERVICE - FILED                          ALLE 22704
2/27/04  106 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 22704
             RESLT:MOTION AND/OR PRAECIPE DSM'D
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                REMARKS:PLNT'S MOTON TO COMPEL  DISCOVERY
3/02/04  107 PROOF OF SERVICE - FILED                          ALLE 30304
3/05/04  108 REPLY TO AFRMTV DEFENS - FILED                    STRO 30804
3/05/04  109 PROOF OF SERVICE - FILED                          STRO 30804
3/08/04  110 AFFIDAVIT - FILED                                 ALLE 30904
                REMARKS:                        MERITORIOUS DEFENSE
3/08/04  111 AFDAVT MAILING/SERVICE - FILED                    ALLE 30904
3/09/04  112 APPEARANCE OF ATTORNEY FILED       BY:CHAKLOS WILLIALLE 31004
             PTY: 03
3/09/04  113 AFDAVT MAILING/SERVICE - FILED                    ALLE 31004
3/11/04  114 PROOF OF SERVICE - FILED                          WRIG 31204
3/15/04  115 AFDAVT MAILING/SERVICE - FILED                    STRO 31604
3/15/04  116 AFFIRMATIVE DEFENSES - FILED                      STRO 31604
3/22/04  117 AFDAVT MAILING/SERVICE - FILED                    STRO 32304
3/29/04  118 ANS TO AFRMATV DEFENSE - FILED                    WRIG 33004
3/29/04  119 PROOF OF SERVICE - FILED                          WRIG 33004
4/01/04  120 WITNESS LIST - FILED                              WRIG 40204
4/01/04  121 PROOF OF SERVICE - FILED                          WRIG 40204
4/08/04  122 ANSWER TO COMPLAINT FILED          BY:ROTH ROBERT PALLE 40804
             PTY: 05
4/08/04  123 AFFIRMATIVE DEFENSES - FILED                      ALLE 40804
4/08/04  124 RELIANCE ON JURY DEMAND -FILED                    ALLE 40804
4/08/04  125 PROOF OF SERVICE - FILED                          ALLE 40804
4/13/04  126 MOTION TO AMEND                    BY:ROTH ROBERT PSMIT 41404
                AMT:      20.00
                REMARKS:FEE PAID     BRF/F PRF/F NOTE/HRG ORDER
4/15/04  127 MOTION FILED                        JUDG:BAXTER WENDY WILS 41504
             RESLT:MOTION HEARING SCHEDULED
             NEXT ACT:MISCELLANEOUS MOTION HEAR 5/07/04  ----- LOC: BAXTE
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                REMARKS:DEF'S MOTON TO ADJ AMEND SCHEDULING ORDER DATES
4/19/04  128 CONCURRENCE TO MOTION                             ALLE 41904
4/19/04  129 AFDAVT MAILING/SERVICE - FILED                    ALLE 41904
5/04/04  130 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 50404
             RESLT:ADJOURNED
             NEXT ACT:MISCELLANEOUS MOTION HEAR 5/21/04  ----- LOC: BAXTE
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                REMARKS:MOTONTO ADJ SCHD ORDER
5/06/04  131 NOTICE OF FILING - FILED                          MOOR 50704
                REMARKS:                        RE-NOTICE
5/06/04  132 PROOF OF SERVICE - FILED                          MOOR 50704
5/12/04  133 AFFIDAVIT - FILED                                 MOOR 51304
5/14/04  134 MISCELLANEOUS PARTY UPDATE         BY:CHAKLOS WILLIWILI 51404
             PTY: 07
5/20/04  135 MOTN COMPEL ANSWR INTERROGATOR     BY:ROTH ROBERT PALLE 52104
                AMT:      20.00
                REMARKS:FEE PAID     BRF/F PRF/F NOTE/HRG
5/21/04  136 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 52104
             RESLT:MOTION HEARING SCHEDULED
             NEXT ACT:MISCELLANEOUS MOTION HEAR 6/11/04  ----- LOC: BAXTE
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                REMARKS:DEF'S MOTON TO COMPEL PLNT'S ANSWERS TO EXPERT ETA
5/24/04  137 NOTICE OF HEARING - FILED                         ALLE 52404
```

```
                    REMARKS:                        RE NOTICE
5/24/04  138 PROOF OF SERVICE - FILED                          ALLE 52404
6/03/04  139 NOTICE OF HEARING - FILED                         WRIG 60404
                    REMARKS:                    SECOND RENOTICE
6/03/04  140 PROOF OF SERVICE - FILED                          WRIG 60404
6/10/04  143 ANS TO MOTION - FILED                             ALLE 61104
                    REMARKS:                      MOTON COMPEL
6/10/04  144 PROOF OF SERVICE - FILED                          ALLE 61104
6/11/04  141 MISCELLANEOUS MOTION HEARING   JUDG:BAXTER WENDY WILS 61104
               RESLT:MOTION AND/OR PRAECIPE DSM'D
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:DEF';S MOTON TO AMEND SCHD ORDER DATE
6/11/04  142 MISCELLANEOUS MOTION HEARING   JUDG:BAXTER WENDY WILS 61104
               RESLT:MOTION AND/OR PRAECIPE DSM'D
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:DEF'S MOTON TO COMPEL POLNT'S ANSWERS TO EXP ETAL
6/15/04  145 ANS TO INTERROGATORIES - FILED                    ALLE 61604
6/15/04  146 PROOF OF SERVICE - FILED                          ALLE 61604
6/16/04  147 MOTN FOR SUMMARY JDGMT/DISPOS      BY:ROTH ROBERT PSMIT 61804
                    AMT:       20.00
               REMARKS:FEE PAID     BRF/F PRF/F NOTE/HRG DISPOSITION
6/18/04  148 RESPONSE -FILED                                   WRIG 62104
6/18/04  149 PROOF OF SERVICE - FILED                          WRIG 62104
6/21/04  150 RECEIVED 7 DAY ORDER FOR ENTRY     BY:ROTH ROBERT PBUFF 62104
             PTY: 01
               REMARKS:RE:JOHN BARNWELL'S TO COMPEL ANSWERS ENVL.INCL.
6/22/04  151 ANS TO INTERROGATORIES - FILED                    WRIG 62304
6/22/04  152 PROOF OF SERVICE - FILED                          WRIG 62304
6/22/04  153 ANS TO REQUEST - FILED                            WRIG 62304
6/22/04  154 PROOF OF SERVICE - FILED                          WRIG 62304
6/22/04  155 ANS TO MOTION - FILED                             WRIG 62304
                    REMARKS:                 COMPEL INTERROGATORIES
6/22/04  156 PROOF OF SERVICE - FILED                          WRIG 62304
6/22/04  157 RESPONSE -FILED                                   WRIG 62304
                    REMARKS:                    SECOND REQUEST
6/22/04  158 PROOF OF SERVICE - FILED                          WRIG 62304
6/22/04  159 RESPONSE -FILED                                   MOOR 62304
6/22/04  160 REQUEST TO PRODUCE - FILED                        MOOR 62304
6/29/04  161 MISCELLANEOUS MOTION HEARING   JUDG:BAXTER WENDY WILS 62904
               RESLT:MOTION HEARING SCHEDULED
             NEXT ACT:MISCELLANEOUS MOTION HEAR 8/24/04  ----- LOC: BAXTE
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:DEF'S MOTON FOR S/D
6/29/04  162 MISC JUDICIAL HEARING/ACTIVITY    JUDG:BAXTER WENDY WILS 62904
               RESLT:ODR MISCELLANEOUS ACTION,S/F
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:ORDER TO COMPEL PLNT'S ANSWERS ETAL, 7DO, NOBJ
7/06/04  163 NOTICE TAKING DEPOSITN - FILED                    STRO 70704
                    REMARKS:                        CHARDRA
7/06/04  164 PROOF OF SERVICE - FILED                          STRO 70704
7/06/04  165 NOTICE TAKING DEPOSITN - FILED                    STRO 70704
                    REMARKS:                        KALLENE
7/06/04  166 PROOF OF SERVICE - FILED                          STRO 70704
7/06/04  167 PROOF OF SERVICE - FILED                          WRIG 70704
7/06/04  168 WITNESS LIST - FILED                              STRO 70704
                    REMARKS:SUPPLEMENTAL           DF
7/06/04  169 PROOF OF SERVICE - FILED                          STRO 70704
7/07/04  170 PROOF OF SERVICE - FILED                          STRO 70804
7/19/04  172 NOTICE TAKING DEPOSITN - FILED                    ALLE 72004
7/19/04  173 PROOF OF SERVICE - FILED                          ALLE 72004
```

```
8/11/04  174 SETTLEMENT CONFERENCE-IC        JUDG:BAXTER WENDY WILS 81104
             RESLT:ADJOURNED
             NEXT ACT:SETTLEMENT CONFERENCE-IC  2/14/05  ----- LOC: BAXTE
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
             REMARKS:PER CT
8/16/04  176 NOTICE TAKING DEPOSITN - FILED                 WRIG 81704
                 REMARKS:                     RENOTICE
8/16/04  177 PROOF OF SERVICE - FILED                       WRIG 81704
8/17/04  178 ANS TO MOTION - FILED                          WRIG 81804
                 REMARKS:                     SUMMARY DISPOSITION
8/17/04  179 BRIEF IN SUPPORT OF MOTION                     WRIG 81804
8/17/04  180 PROOF OF SERVICE - FILED                       WRIG 81804
8/20/04  181 RECEIVED 7 DAY ORDER FOR ENTRY      BY:FIEGER GEOFFRWILS 82004
             PTY: 01
             REMARKS:ORDER GRANTING DEF'S MOTON TO AMEND SCHD ORDER
8/24/04  182 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 82404
               RESLT:MOT MISCELLANEOUS ACTION,OTF
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:DENIED, DEF'S MOTON FOR S/D
8/26/04  183 RECEIVED 7 DAY ORDER FOR ENTRY      BY:FIEGER GEOFFRWILS 82604
             PTY: 01
             REMARKS:ORDER DENYING DEFD BARNWELL'S MOTON FOR S/D
8/30/04  184 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 83104
               RESLT:ODR MISCELLANEOUS ACTION,S/F
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:ORDER GRANTING DEF'S MOTON TO AMEND ETAL,7DO
9/01/04  185 MOTN FOR MISCELLANEOUS MOTION       BY:ROTH ROBERT PSMIT 90204
             AMT:      20.00
             REMARKS:FEE PAID        BRF/F
9/03/04  186 AFDAVT MAILING/SERVICE - FILED                 STRO 90704
9/09/04  187 NOTICE TAKING DEPOSITN - FILED                 WRIG 91004
9/09/04  188 PROOF OF SERVICE - FILED                       WRIG 91004
9/13/04  189 MOTION FILED                        JUDG:BAXTER WENDY WILS 91304
             RESLT:MOTION HEARING SCHEDULED
             NEXT ACT:MISCELLANEOUS MOTION HEAR10/01/04  ----- LOC: BAXTE
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
             REMARKS:DEF'S MOTON TO COMPEL PLNT TO ANSWER DEF'S ETAL
9/13/04  190 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 91404
               RESLT:ODR MISCELLANEOUS ACTION,S/F
             REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
               REMARKS:ORDER DENYING DEFD BARNWELL'S MOTON FOR S/D,7DO
9/17/04  191 WITNESS LIST - FILED                           STRO 92004
                 REMARKS:                     DF
9/17/04  192 AFDAVT MAILING/SERVICE - FILED                 STRO 92004
9/20/04  193 NOTICE TAKING DEPOSITN - FILED                 BYNU 92104
                 REMARKS:                     RE-NOTICE
9/20/04  194 PROOF OF SERVICE - FILED                       BYNU 92104
9/29/04  195 INTERROGATORIES - FILED                        STRO 93004
9/29/04  196 REQUEST TO PRODUCE - FILED                     STRO 93004
9/29/04  197 REQUEST FOR ADMISSIONS - FILED                 STRO 93004
9/29/04  198 PROOF OF SERVICE - FILED                       STRO 93004
9/30/04  199 ANS TO MOTION - FILED                          STRO100104
9/30/04  200 PROOF OF SERVICE - FILED                       STRO100104
10/01/04 201 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS100104
               RESLT:MOT MISCELLANEOUS ACTION,OTF
             REPORTER:07428 KAREN HESSLER     CLRK:WILSON GEORGE L
               REMARKS:GRANTED, DEF'S MOTON TO COMPEL PLNT'S TO  ETAL
10/07/04 202 RECEIVED 7 DAY ORDER FOR ENTRY      BY:ROTH ROBERT PWILS100704
             PTY: 02
             REMARKS:ORDER RE: DEFD JOHN BARNWELL, MDS' MOTON TO ETAL
```

```
08/04   203 NOTICE OF HEARING - FILED                              MOOR101204
            REMARKS:                             RE-NOTICE DUCES TECUM
10/08/04 204 PROOF OF SERVICE - FILED                              MOOR101204
10/12/04 208 OBJECTION TO 7-DAY ORDER-FILED      BY:WEGLARZ TODD WILS102104
            PTY: 01
            REMARKS:OBJ TO 7DAT ORDER
10/14/04 205 STIPULATION                         JUDG:BAXTER WENDY HICK101504
                RESLT:ORDER EXTENDING TIME, S/F
                REPORTER:06619 CARRINGTON TERIA CLRK:HICKMAN TARA
                    REMARKS:SCHED DATES*W/L 12-15-04*D/C UNTIL C/E2-05
10/14/04 206 STIPULATION                         JUDG:BAXTER WENDY HICK101504
                RESLT:ORDER COMPELLING ACTION,S/F
                REPORTER:06619 CARRINGTON TERIA CLRK:HICKMAN TARA
                    REMARKS:CONT'D*PL TO RESP EXPERT INTERRPG'S*10-29-04*7DO
10/21/04 207 DELETED EVENT                       BY:ROTH ROBERT PWILS102104
            PTY: 02
            REMARKS:ORDER  RE: DEFD, JOHN BARNWELL ETAL
10/26/04 209 ANS TO INTERROGATORIES - FILED                        ALLE102704
10/26/04 210 AFDAVT MAILING/SERVICE - FILED                        ALLE102704
11/19/04 211 MISC JUDICIAL HEARING/ACTIVITY      JUDG:BAXTER WENDY WILS112204
                RESLT:ODR MISCELLANEOUS ACTION,S/F
                REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:ORDE PARTIALLY GRANTING DEFD BARNWELL'S MOTON ETAL
11/19/04 212 MISC JUDICIAL HEARING/ACTIVITY      JUDG:BAXTER WENDY WILS112204
                RESLT:SET ASIDE,S/F
                REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:ORDER SETTING ASIDE ORDER ENTER 10/14/04
11/30/04 213 PROOF OF SERVICE - FILED                              BYNU120104
12/06/04 214 CASE EVALUATION                                       OPER121004
                RESLT:ADJOURNED
                NEXT ACT:CASE EVALUATION          2/14/05  ----- LOC: MTA
                    REMARKS:JUDGE BAXTER ON 11/19/04 CONSOL W/340704
 1/04/05 215 SETTLEMENT CONFERENCE-IC            JUDG:BAXTER WENDY WILS 10505
                RESLT:ADJOURNED
                NEXT ACT:SETTLEMENT CONFERENCE-IC 3/30/05  ----- LOC: BAXTE
                REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PER CT
 1/11/05 217 MOTN COMPEL ANSWR INTERROGATOR       BY:CHAKLOS WILLISMIT 11205
                AMT:     20.00
                    REMARKS:FEE PAID AFF/F BRF/F      NOTE/HRG
 1/12/05 216 MOTION FILED                        JUDG:BAXTER WENDY WILS 11205
                RESLT:MOTION HEARING SCHEDULED
                NEXT ACT:MISCELLANEOUS MOTION HEAR 1/21/05  ----- LOC: BAXTE
                REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEF'S MOTON TO COMPEL PLNT'S ANSWERS TO INTERR ETA
 1/21/05 218 MISCELLANEOUS MOTION HEARING        JUDG:BAXTER WENDY HICK 12105
                RESLT:ADJOURNED
                NEXT ACT:MISCELLANEOUS MOTION HEAR 2/04/05  ----- LOC: BAXTE
                REPORTER:06619 CARRINGTON TERIA CLRK:HICKMAN TARA
                    REMARKS:PER:M/P*DFS;TO COMPEL ANS TO INTERROG'S
 1/21/05 219 MOTON TO COMPEL TAKING DEPOSIT       BY:FIEGER GEOFFRSTRO 12405
                AMT:     20.00
                    REMARKS:FEE PAID      BRF/F PRF/F NOTE/HRG
 1/24/05 220 MOTION FILED                        JUDG:BAXTER WENDY WILS 12405
                RESLT:MOTION HEARING SCHEDULED
                NEXT ACT:MISCELLANEOUS MOTION HEAR 2/11/05  ----- LOC: BAXTE
                REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON TO COMPEL DEPOSTIONS
 1/28/05 222 MOTION TO ADJOURN                    BY:CHAKLOS WILLIDUNN 20105
                AMT:     20.00
```

```
                    REMARKS:FEE PAID AFF/F BRF/F      NOTE/HRG CASE EVALUATIO
2/31/05  221 MOTION FILED                       JUDG:BAXTER WENDY WILS 13105
                    RESLT:MOTION HEARING SCHEDULED
                 NEXT ACT:MISCELLANEOUS MOTION HEAR 2/04/05  ----- LOC: BAXTE
                 REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEF'S MOTON TO ADJ C/E SIXTY DAYS
2/02/05  223 CONCURRENCE TO MOTION.                             MOOR 20305
2/02/05  224 PROOF OF SERVICE - FILED                          MOOR 20305
2/03/05  225 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 20305
                    RESLT:ADJOURNED
                 NEXT ACT:MISCELLANEOUS MOTION HEAR 2/11/05  ----- LOC: BAXTE
                 REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEF'S MOTON TO COMPEL PLNT'S ANSWERS ETAL
2/03/05  226 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 20305
                    RESLT:ADJOURNED
                 NEXT ACT:MISCELLANEOUS MOTION HEAR 2/11/05  ----- LOC: BAXTE
                 REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DEF'S EMERGENCY MOTON TO ADJ C/E SIXTY DAYS
2/03/05  227 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 20305
                    RESLT:ADJOURNED
                 NEXT ACT:MISCELLANEOUS MOTION HEAR 2/11/05  ----- LOC: BAXTE
                 REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON TO COMPEL DEPOSITIONS
2/07/05  228 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 20705
                    RESLT:MOT MISCELLANEOUS ACTION,OTF
                 REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
                    REMARKS:DENIED, DEF'S MOTON TO ADJ C/E SIXTY DAYS
2/10/05  229 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 21005
                    RESLT:ADJOURNED
                 NEXT ACT:MISCELLANEOUS MOTION HEAR 2/25/05  ----- LOC: BAXTE
                 REPORTER:06472 JAQUETTA SMITH   CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON TO COMPEL DEPOSITIONS
2/10/05  231 NOTICE OF HEARING - FILED                         WRIG 21105
                    REMARKS:                       RENOTICE
2/10/05  232 PROOF OF SERVICE - FILED                          WRIG 21105
2/11/05  230 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 21105
                    RESLT:MOTION AND/OR PRAECIPE DSM'D
                 REPORTER:06472 JAQUETTA SMITH   CLRK:WILSON GEORGE L
                    REMARKS:DEF'S MOTON TO COMPEL PLNT'S ANSWERS TO INTERGO ET
2/11/05  233 STIPULATION                        JUDG:BAXTER WENDY WILS 21105
                    RESLT:ORDER OF DISMISSAL S/F
                 REPORTER:06472 JAQUETTA SMITH   CLRK:WILSON GEORGE L
                    REMARKS:W/O PREJ AND W/O COSTS TO ANY PARTY
2/11/05  234 DELETED EVENT                                     WILS 21405
                    RESLT:ODR MISCELLANEOUS ACTION,S/F
                                                 CLRK:WILSON GEORGE L
                    REMARKS:ORDER ADJ C/E 04/05
2/11/05  235 AFDAVT MAILING/SERVICE - FILED                    HERR 21405
2/16/05  236 MISC JUDICIAL HEARING/ACTIVITY     JUDG:BAXTER WENDY WILS 21805
                    RESLT:ORDER OF CONSLIDATION,S/F
                 REPORTER:06472 JAQUETTA SMITH   CLRK:WILSON GEORGE L
                    REMARKS:WITH CASE #03-304704
2/24/05  237 MOTION FILED                       JUDG:BAXTER WENDY WILS 22405
                    RESLT:MOTION HEARING SCHEDULED
                 NEXT ACT:MISCELLANEOUS MOTION HEAR 2/25/05  ----- LOC: BAXTE
                 REPORTER:06472 JAQUETTA SMITH   CLRK:WILSON GEORGE L
                    REMARKS:PLNT'S MOTON TO COMPEL DEPOSITIONS
2/25/05  238 MISCELLANEOUS MOTION HEARING       JUDG:BAXTER WENDY WILS 22505
                    RESLT:MOTION AND/OR PRAECIPE DSM'D
                 REPORTER:06472 JAQUETTA SMITH   CLRK:WILSON GEORGE L
```

```
                 REMARKS:PLNT'S MOTON TO COMPEL DEPOSITIONS
3/09/05   239 ANS TO INTERROGATORIES - FILED                    ALLE 31005
3/09/05   240 PROOF OF SERVICE - FILED                          ALLE 31005
3/17/05   241 AFDAVT MAILING/SERVICE - FILED                    ALLE 31805
3/17/05   242 AFDAVT MAILING/SERVICE - FILED                    ALLE 31805
4/14/05   243 AFFIDAVIT - FILED                                 BYNU 41505
5/02/05   244 AFDAVT MAILING/SERVICE - FILED                    HERR 50305
5/19/05   245 ANS TO REQUEST - FILED                            WRIG 52005
                 REMARKS:                      ADMISSIONS
5/19/05   246 AFDAVT MAILING/SERVICE - FILED                    WRIG 52005
6/06/05   247 CONCURRENCE TO MOTION                             ALLE 60705
6/06/05   248 AFDAVT MAILING/SERVICE - FILED                    ALLE 60705
9/29/05   249 PROOF OF SERVICE - FILED                          HERR 93005
11/15/05  250 CONCURRENCE TO MOTION                             HERR112105
                 REMARKS:                      DF
11/15/05  251 AFDAVT MAILING/SERVICE - FILED                    HERR112105
11/15/05  252 AFFIDAVIT - FILED                                 HERR112105
                 REMARKS:                      SUPPORT CONCURRENCE
12/16/05  253 STIPULATION                  JUDG:BAXTER WENDY WILS121905
              RESLT:ODR MISCELLANEOUS ACTION,S/F
              REPORTER:06619 CARRINGTON TERIA CLRK:WILSON GEORGE L
              REMARKS:ORDER GRANTING PLNT COIUNSEL'S MOTON FOR COURT ETA
3/16/06   254 ANS TO MOTION - FILED                             HOWA 31706
3/16/06   255 RESPONSE -FILED                                   HOWA 31706
                 REMARKS:                      IN OPPOSITION
3/16/06   256 AFFIDAVIT - FILED                                 HOWA 31706
                 REMARKS:                      ANNE L RANDALL
3/16/06   257 PROOF OF SERVICE - FILED                          HOWA 31706
3/16/06   258 AFDAVT MAILING/SERVICE - FILED                    HOWA 31706
2/12/07   259 APPEARANCE OF ATTORNEY FILED  BY:WEGLARZ TODD ALLE 21307
              PTY: 02
2/12/07   260 PROOF OF SERVICE - FILED                          ALLE 21307
3/15/07   261 APPEARANCE OF ATTORNEY FILED  BY:ROTH ROBERT PALLE 31607
              PTY: 05
3/15/07   262 PROOF OF SERVICE - FILED                          ALLE 31607
DOCKET/CASE LISTING COMPLETE, THANK YOU RECORD
```

EXHIBIT B-2

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BARBARA A. LEWIS-CLARK, Individually,
and as Personal Representative of the Estate
of HENRY O. CLARK, JR., Deceased

       Plaintiff,

-v-

HARPER HOSPITAL, an assumed name of
HARPER-HUTZEL HOSPITAL, a Michigan corporation,
and THE DETROIT MEDICAL CENTER, a Michigan
corporation, JOHN BARNWELL, M.D., J. PIPER, R.N.,
and J. NEINO, R.N., Jointly and Severally,

---

> 03-324303 NH   7/24/2003
> JDG: WENDY M BAXTER
> LEWIS CLARK BARBARA A PER REP
> vs
> HARPER HUTZEL HOSPITAL

---

BARBARA A. LEWIS-CLARK, Individually,
and as Personal Representative of the Estate
of HENRY O. CLARK, JR., Deceased

-v-

JAMES GLAZIER, M.D. and
VIRGINIA TEKEILI, R.Ph.,
Jointly and Severally,

       Defendants.

Case No: 03-340704
Hon: Wendy Baxter

---

**GEOFFREY N. FIEGER (P30441)**
**TODD J. WEGLARZ (P48035)**
Fieger, Fieger, Kenney & Johnson, P.C.
Attorney for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075-2463
(248) 355-5555

**WILLIAM CHAKLOS (P33180)**
Kitch, Drutchas, Wagner, DeNardis
& Valitutti
Attorney for Defendants Harper, DMC,
Piper, Neino, and Tekeili
1 Woodward Ave, FL 10
Detroit, MI 48226-3430
(313) 965-7925

**ROBERT P. ROTH (P27238)**
Portnoy & Roth, P.C.
Attorney for Defendant Dr. Barnwell
3883 Telegraph Rd Ste 103
Bloomfield Hills, MI 48302-1432
(248) 647-4242

**KARL E. HANNUM (P37652)**
Schwartz, Jalkanen & Hannum, PC
Attorney for Defendant Glazier
24445 Northwestern Hwy, Ste 200
Southfield, MI 48075-2463
(248) 352-2555

---

## STIPULATED ORDER DISMISSING CASE NO. 03-324303-NH, MERGING PLAINTIFF'S ALLEGATIONS AND CLAIMS IN CASE NO. 03-324303-NH WITH CASE NO. 03-340704-NH, AND ADJOURNING CASE EVALUATION

1

05/10/2005 15:36 FAX 248 355 5148 FIEGER KENNY JOHNSON

At a session of said Court, held in the City of Detroit
County of Wayne, State of Michigan,
on: _____
Present: Hon. _____
Circuit Court Judge

FEB 1 1 2005

HONORABLE WENDY BAXTER

The parties, through their respective counsel, hereby stipulate to the following order:

IT IS HEREBY ORDERED that Plaintiffs original complaint filed against Defendants Harper Hospital, an assumed name of Harper-Hutzel Hospital, the Detroit Medical Center, John Barnwell, M.D., J. Piper, RN, and J. Neino, RN, jointly and severally, Case No. 03-324303-NH, shall be dismissed without prejudice and without costs to any party;

IT IS FURTHER ORDERED that all of Plaintiff's allegations and claims against the above referenced Defendants within Case No. 03-324303-NH shall be merged with Plaintiff's pending allegations and claims set forth in Case No. 03-340704-NH, jointly and severally;

IT IS FURTHER ORDERED that the merger of Plaintiff's allegations and claims against the above referenced Defendants in Case No. 03-324303-NH, with those allegations and claims set forth in Case No. 03-340704-NH, shall be deemed to take place simultaneously with, and immediately upon, the dismissal of Case No. 03-324303-NH;

IT IS FURTHER ORDERED that Plaintiff shall be permitted leave to file an amended complaint on Case No. 03-340704-NH, which reflects and memorializes the merger of the allegations and claims as agreed to herein;

IT IS FURTHER ORDERED that upon merger of Plaintiff's allegations and claims against the Defendants in Case No. 03-324303-NH, with Plaintiff's allegations and claims set forth in Case No. 03-340704-NH, it is the intention of all parties through their respective counsel that they be placed in the same position they were in at the time Plaintiff originally filed her complaint in Case No. 03-324303-NH; and the Defendants in Case No. 03-324303-NH will not assert any statute of limitations defense not available at the time Plaintiff filed her initial complaint with respect to each Defendant;

IT IS FURTHER ORDERED that the dismissal of Case No. 03-324303-NH is not, and shall no operate as, an adjudication on the merits;

2

IT IS FURTHER ORDERED that this matter, as merged into Case No. 03-340704-NH, shall have case evaluation, presently scheduled for February 14, 2005, adjourned to April, 2005, on a date and time to be determined by the mediation tribunal association, with discovery being extended through the date of said case evaluation.

HONORABLE WENDY BAXTER

_____

Circuit Court Judge

I hereby stipulate to entry of this order:

_____
Todd J. Weglarz (P48035)
Attorney for Plaintiff

_____
William Chaklos (P33180)
Attorney for Defendant Harper, et al.

_____
Robert P. Roth (P27238) /sv (w/consent)
Attorney for Defendant Barnwell

_____
Melvin A. Schwartz (P37652) /sv (w/consent)
Attorney for Defendant Glazier

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY _____ DEPUTY CLERK

3

EXHIBIT C

## ORDER RE: PLAINTIFF'S MOTION PURSUANT TO
## MCR 2.612(C)(1)(a) FOR RELIEF FROM JUDGMENT

At a session of the Court, held   **MAR 2 4 2006**06,
In the County of Wayne, State of Michigan

Hon. Wendy M. Baxter Presiding          HON. WENDY M. BAXTER

The above-entitled matter having come before the Court on Friday, March 17, 2006, on

Plaintiff's Motion Pursuant to MCR 2.612(C)(1)(a) For Relief from Judgment, more particularly,

a motion requesting that settlement of the matter, as set forth in the Court's Order of 10/28/05, be

set aside, and defendants having responded to the motion, and all parties having appeared for oral

argument on plaintiff's motion, and the court having reviewed plaintiff's motion and responses

thereto, and the court having heard oral argument and being otherwise fully advised in the

premises, it is hereby

ORDERED, that plaintiff's motion pursuant to MCR 2.612(C)(1)(a) for relief from

judgement is denied.

SO ORDERED.

HON. WENDY M. BAXTER
_____
**Circuit Court Judge**

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

DEPUTY CLERK

-2-

## MOTION FOR RELIEF FROM JUDGMENT
## PURSUANT TO MCR 2.612(C)(1)(a)

**NOW COMES** Barbara A. Lewis-Clark, Individually, and as Personal Representative of the Estate of Henry O. Clark, Jr., Deceased, plaintiff in the above-entitled matter, through her attorney, Ruth A. Rowley, and moves this court pursuant to MCR 2.612(C)(1)(a) for relief from the Order Approving Settlement and Authorizing Distribution of Wrongful Death Proceeds dated October 28, 2005. More specifically, plaintiff requests this court set aside the settlement and allow plaintiff to proceed to trial on her claim against defendants arising from the wrongful death of her husband, Henry O. Clark, Jr.

Plaintiff makes this request pursuant to MCR 2.612(C)(1)(a), which provides that "[o]n motion and just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on . . . grounds [of]

(a) Mistake, inadvertence, surprise or excusable neglect."

## FACTUAL SUPPORT FOR MOTION

1.  Plaintiff's decedent, Henry O. Clark, Jr., died on July 3, 2001, while a patient at defendant Harper Hospital, due to intraperitoneal hemorrhage following a laparoscopic cholecystectomy performed on 6/29/01. Fatal hemorrhaging allegedly resulted from excessive administration of heparin, an anticoagulant.

2.  In the weeks following Mr. Clark's death, plaintiff endeavored, without success, to obtain information and/or explanation from Harper Hospital concerning the circumstances of her husband's death. In late July or early August of 2001, plaintiff retained the law firm of Fieger, Fieger, Kenney & Johnson, P.C., to initiate

-2-

legal proceedings.

3. On or about November 19, 2001, plaintiff was appointed personal representative of Henry O. Clark, Jr.'s estate for the purpose of initiating a wrongful death/medical malpractice action against the above-named defendants.

4. On or about July 24, 2003, plaintiff's attorneys filed a medical malpractice action bearing Case No. 03-324303-NH, and naming as defendants, jointly and severally, Harper Hospital (Harper Hutzel Hospital), Detroit Medical Center, Dr. John Barnwell, Nurse J. Piper and Nurse J. Neino.

5. On or about December 12, 2003, plaintiff's attorneys filed a second medical malpractice action, Case No. 03-340704-NH, naming the above defendants and adding as defendants Virginia Tekeili and Dr. James Glazier.

6. On or about February 17, 2004, the two actions were consolidated under Case No. 03-340704-NH.  Over approximately the next year, the parties engaged in depositions and other discovery.   Defendants Barnwell, Neino, Piper, and Tekeili were deposed, as were plaintiff and plaintiff's daughter Chandra Clark-Young.

7. Although plaintiff did not receive copies of the various documents filed by her attorneys in the action, and she was not informed of the progress or development of the lawsuit – beyond receiving assurances by her attorney, Todd Weglarz, in response to her inquiries as to how the case was progressing, that the matter was going to trial – plaintiff reasonably believed that her attorneys were vigorously prosecuting the claim.  Plaintiff was not told otherwise at any time during the nearly four-year period between her retainer of the Fieger firm and the settlement

-3-

hearing on August 31, 2001.

8.   The matter went to case evaluation in April of 2005, and mediation in July of 2005.  However, the parties were apparently unable to reach a resolution, and plaintiff – who was present at the mediation in July, 2005 – was advised at that time by Attorney Todd Weglarz that he was ready to go to trial.  This was the last plaintiff heard until the scheduled settlement conference on August 31, 2005.  So far as plaintiff knew, they were going to trial.

9.   Although it is not clear from the record whether plaintiff's attorneys actually filed a motion for authority to settle the claim, plaintiff believes that her attorneys intended to settle the matter, and that they had in fact already agreed  to a settlement without plaintiff's knowledge or consent.

10.   Plaintiff appeared on August 31, 2005, and waited in the courtroom while Attorney Vern Johnson (attending in place of Attorney Todd Weglarz, who, plaintiff was told, was appearing elsewhere on another, unrelated matter) went into the Judge's chambers with counsel for the various defendants.

11.   Soon thereafter, Attorney Johnson met with plaintiff outside the courtroom and indicated that the Judge wanted him to convince plaintiff to settle.  Plaintiff, shocked, said nothing and went back into the courtroom intending to advise the Judge that she wanted a trial and did not want to settle the case..

12.   When plaintiff and Attorney Johnson went into chambers to meet with the Judge, plaintiff immediately advised the Judge that she wanted a trial and did *not* want to settle the matter.

-4-

13. However, the Judge was adamant that the parties settle indicating that she did not want to sit through a three-week trial. When plaintiff attempted to explain *why* she wanted a trial, the Judge stated "you want your pound of flesh," to which plaintiff again responded that *she wanted a trial*. At one point in the meeting, the Judge stated that she did not want the doctors to have a black mark on their records. Throughout this discourse, Attorney Johnson said nothing. Plaintiff suspected then that the court had already taken a position adverse to her own in the case, and that her attorneys had effectively compromised her claim. (See plaintiff's supporting Affidavit attached to plaintiff's Motion Pursuant to MCR 2.003 to Disqualify Judge; see also, transcript of proceedings dated October 28, 2005, attached hereto as Exhibit "B.")

14. Immediately following the meeting in chambers, plaintiff and Attorney Johnson went on the record with the settlement. Plaintiff, still stunned by the outcome, responded in automatic, one-word answers to questions she was scarcely hearing as the terms of settlement were placed on the record. When voir dire had been accomplished, plaintiff left the courtroom without saying anything more to anyone.

15. The settlement that was placed on the record on August 31, 2005, effectively dismissed and released defendants from any and all *further* claims of liability. However, it did not constitute a complete *waiver* of all claims of liability. At no point during the August 31, 2005, hearing had plaintiff agreed to sign a release waiving all claims of liability against defendants. (See transcript of Settlement Conference, August 31, 2005, p. 10, attached hereto as Exhibit "A.")

-5-

16.     However, at the October 28, 2005, hearing on Plaintiff's Motion for Authority to Distribute Wrongful Death Proceeds (which plaintiff's attorneys had filed without plaintiff's knowledge), the Court instructed plaintiff to sign a Release waiving all claims of liability against defendant Harper Hospital as a condition of settlement. The proposed Release (a copy of which is attached hereto as Exhibit "C") effectively requires plaintiff to waive any and all claims of liability against Harper Hospital, and it specifically provides that the hospital has only agreed to pay $500,000.00 to settle a "doubtful and disputed" claim. Again, plaintiff had not agreed to such a waiver at the settlement proceeding on August 31, 2005. (By order dated December 7, 2005, the court granted plaintiff's attorneys' Motion for Approval/Execution of Release, which they had filed notwithstanding plaintiff's objection.)

17.     At the hearing on October 28, 2005, plaintiff again objected to the settlement stating that she was told by her attorneys that they were going to trial. Plaintiff further stated that she had told the Judge in chambers on August 31, 2005, that she wanted to proceed to trial. (Exhibit "B," pp. 14-15.) The court responded to plaintiff's objection by way of analogy to a dating situation where one party says "no, no, no" to intimacy, and then ultimately says "yes," in order to show that plaintiff had effectively done this at the settlement hearing on August 31, 2005. The court then stated that unless plaintiff's concurrence with the settlement was made "under duress" or as a result of her being "overpowered," plaintiff had no defense or way around having said "yes." (Id, pp. 8-9.) Plaintiff believed at that

-6-